IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | |
|---|---|
| INDUSTRIAL ENVIRONMENTAL SERVICES, LLC., an Oklahoma LLC.; and MIKE WILLIAMS, Individually and as Managing Member of INDUSTRIAL ENVIRONMENTAL SERVICES, LLC., an Oklahoma LLC.; <br><br> Plaintiffs <br><br> vs. <br><br> WORLD INVESTMENT GROUP, LLC. (a Delaware LLC.); DANIEL H. WILKS; FARRIS WILKS; WILLIAM BARKER; and FRANKLIN AUTRY, all Individually and as members of World Investment Group, LLC. (a Delaware LLC.) <br><br> Defendants | § § § § § § § § § § § § § § § § § § § § § CASE NO. 2-07CV-179-J |

### DEFENDANTS, DANIEL H. WILKS', FARRIS WILKS', WILLIAM BARKER'S AND FRANKLIN AUTRY'S ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants DANIEL H. WILKS, FARRIS WILKS, WILLIAM BARKER and FRANKLIN AUTRY, and pursuant to Rules 8 and 9 of the Federal Rules of Civil Procedure, respectfully file this their Answer to the Plaintiffs' Original Complaint and would respectfully show this Honorable Court as follows:

### Rule 9 Special Matters

1. Plaintiffs' claims in this cause relate to a Sale and Purchase Agreement ("the Agreement"), effective August 25, 2006, under which Defendant World Investment Group, LLC.

("World Investment Group") purchased the ownership interest of Plaintiff Industrial Environmental Services, LLC. ("Industrial Environmental") in another entity named Chem Source, LLC. ("Chem Source"). Plaintiff Michael E. Williams, individually, neither owned an interest in nor was he a member of Chem Source. The individual Defendants, Daniel H. Wilks, Farris Wilks, William Barker, and Franklin Autry were not parties to the Agreement. Furthermore, said Defendants were not, individually, owners or members of Chem Source.

2. Plaintiff Michael E. Williams asserts claims in his individual capacity and in his capacity as the managing member of Industrial Environmental against Defendant World Investment Group and against Defendants, Daniel Wilks, Farris Wilks, William Barker and Franklin Autry in their individual capacities and in their capacities as members of World Investment Group. Pursuant to Rule 9(a), Defendants Daniel H. Wilks, Farris Wilks, William Barker and Franklin Autry deny that Plaintiff Williams is a proper party to this cause in his individual capacity because he did not, personally, own an interest in Chem Source. Defendants respectfully submit that members of a limited liability company are not proper parties to actions brought by or against the company. Accordingly, Defendants deny that Plaintiff Williams is a proper party to this cause in his capacity as a member of Industrial Environmental.

3. Because members of a limited liability company are not proper parties to actions brought against the company, Defendants respectfully submit that, pursuant to Rule 9(e), they are not proper parties to this cause in their capacities as members of Defendant World Investment Group. Since the individual defendants are not parties to the Agreement, then pursuant to Rule 9(a), Defendants Daniel H. Wilks, Farris Wilks, William Barker and Franklin Autry allege that they are not liable to Plaintiffs in their individual capacities.

**Answer**

1. Subject to the Rule 9 matters set forth above, Defendants admit the party allegations in Paragraph 1 of the Complaint.

2. Subject to the Rule 9 matters set forth above, Defendants admit the party allegations in Paragraph 2 of the Complaint with the exception of the allegations that Defendants William Barker and Franklin Autry reside in Tarrant County, Texas. Defendants William Barker and Franklin Autry reside in Parker County, Texas.

3. As alleged in Paragraph 3 of the Complaint, Defendants admit that this Court has diversity jurisdiction over the subject matter of this cause under 28 U.S.C. § 1332(a)(1).

4. Defendants admit that, as alleged in Paragraph 4 of the Complaint, this Court has personal jurisdiction over Defendants. Defendants deny the allegations in Paragraph 4 of the Complaint that Defendant World Investment Group solicited Plaintiffs to sell Industrial Environmental's certain ownership interest upon which this suit is based. Defendants deny that Plaintiff Williams personally owned an interest in Chem Source.

5. As alleged in Paragraph 5 of the Complaint, Defendants admit that venue is proper in the Northern District of Texas. However, Defendants assert that this Court should transfer venue of this cause pursuant to 28 U.S.C. § 1404(a) and (b) to the Abilene Division of the Northern District of Texas. Defendants have filed a Motion to Transfer Venue contemporaneously with the filing of this Answer.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint that Williams founded Industrial Compounding, LLC., ("Industrial Compounding") in 1992. Defendants admit Industrial

Compounding was converted to an Oklahoma limited liability company in or about 2005 and that Williams and his wife were members and equity owners in Industrial Compounding until they sold their equity interest to Chem Source on or about March 1, 2006. Defendants deny the remainder of the allegations in Paragraph 6 of the Complaint.

7.  Concerning the allegations in Paragraph 7 of the Complaint, Defendants are without knowledge or information sufficient to form a belief that Williams founded Industrial Environmental in 2002. Defendants admit the remainder of the allegations in Paragraph 7 of the Complaint.

8.  With respect to the allegations in Paragraph 8 of the Complaint, Defendants admit that Industrial Environmental, Joe Jacobi, and World Investment Group agreed to form Chem Source. Defendants deny that Williams and Defendants were members of Chem Source in their individual capacities. Defendants further admit that Chem Source is a Nevada limited liability company and that it was established to sell chemicals. Defendants further deny Plaintiffs' allegations in Paragraph 8 of the Complaint as to ownership interests of Chem Source. In this regard, Defendants deny that Plaintiff Williams individually owned 17% of Chem Source and deny that Defendants, individually, owned interests in Chem Source. Defendants further admit that prior to August 25, 2006, Joe Jacobi owned 17% of the units in Chem Source.

9.  Defendants admit the allegations in Paragraph 9 of the Complaint that one of Chem Source's largest customers was Frac Tech Services, Ltd. Defendants deny the remainder of the allegations in Paragraph 9 of the Complaint.

10. Defendants admit the allegations in Paragraph 10 of the Complaint that the sale of all equity interests in Industrial Compounding to Chem Source was consummated in or about March 2006 and that, thereafter, Chem Source owned 100% of the equity interest in Industrial

Compounding. Defendants deny the remainder of the allegations in Paragraph 10 of the Complaint.

11.     Defendants admit the allegation in Paragraph 11 of the Complaint that Chem Source became a successful marketer of chemicals. Defendants deny the remainder of the allegations in Paragraph 11 of the Complaint.

12.     Defendants deny the allegations in Paragraphs 12 and 13 of the Complaint.

13.     With regard to the allegations contained in Paragraph 14 of the Complaint, Defendants admit that there were on-going negotiations with Chesapeake Operating, Inc., including in August 2006. Otherwise, the averments contained in Paragraph 14 are denied.

14.     With regard to the averments contained in Paragraph 15 of the Complaint, Defendants admit that there were on-going negotiations with Chesapeake Operating, Inc., including in August 2006. Otherwise, the averments contained in Paragraph 15 are denied.

15.     Defendants deny the allegations in Paragraphs 16, 17 and 18 of the Complaint.

16.     In response to Paragraph 19 of the Complaint, Defendants re-plead their admissions and denials contained in their responses to Paragraphs 1 – 18, inclusive, of the Complaint above, and incorporate same herein by reference.

17.     Defendants deny the allegations in Paragraphs 20 through 25, inclusive, of the Complaint.

18.     In response to Paragraph 26 of the Complaint, Defendants re-plead their admissions and denials contained in their responses to Paragraphs 1 – 25, inclusive, of the Complaint above and incorporate same herein by reference.

19.     Defendants admit the allegations in Paragraph 27 of the Complaint that Industrial Environmental and World Investment Group were members in Chem Source. Defendants deny

the remainder of the allegations in Paragraph 27 of the Complaint. Specifically, Defendants deny that a fiduciary or special relationship existed between either of the Plaintiffs, on the one hand, and Defendants, on the other hand, that would have given rise to a duty of disclosure.

20. Defendants deny the allegations in Paragraph 28 of the Complaint that a duty existed to disclose facts to Plaintiffs, and further deny the remainder of the allegations in Paragraph 28 of the Complaint.

21. Defendants deny the allegations in Paragraphs 29 through 36, inclusive, of the Complaint.

22. In response to Paragraph 37 of the Complaint, Defendants re-plead their admissions and denials contained in their responses to Paragraphs 1 – 36, inclusive, of the Complaint above and incorporate same herein by reference.

23. Defendants deny the allegations in Paragraphs 38 through 42, inclusive, of the Complaint.

24. In response to Paragraph 43 of the Complaint, Defendants re-plead their admissions and denials contained in their responses to Paragraphs 1 – 42, inclusive, of the Complaint above and incorporate same herein by reference.

25. Defendants admit the allegations in Paragraph 44 of the Complaint that Industrial Environmental and World Investment Group were members in Chem Source. Defendants deny the remainder of the allegations in Paragraph 44 of the Complaint. Specifically, Defendants deny that a fiduciary or special relationship existed between either of the Plaintiffs, on the one hand, and Defendants, on the other hand, that would have given rise to a duty of disclosure or any of the other duties alleged in Paragraphs 44 through 48, inclusive, of the Complaint.

Therefore, Defendants deny the allegations in Paragraphs 44 through 48, inclusive, of the Complaint.

26.   Defendants deny the allegations in Paragraphs 49 through 52, inclusive, of the Complaint.

27.   With respect to the allegations in Paragraph 53 of the Complaint, Defendants deny that Plaintiff Williams has satisfied conditions precedent to maintaining this cause in his capacity as a member of Plaintiff, Industrial Environmental or that Plaintiffs have satisfied conditions precedent for attempting to establish individual liability on the part of Defendants.

28.   Defendants deny the allegations in Paragraphs 54 through 60, inclusive of the Complaint, and the requested relief set forth in the Conclusion and Prayer of the Complaint.

### Rule 8(c) Affirmative Defenses

Pursuant to Rule 8(c), Defendants plead the following affirmative defenses.

1.   When Plaintiff Industrial Environmental sold its interest in Chem Source to World Investment Group, Plaintiffs were aware of on-going negotiations involving Chesapeake Operating, Inc. Therefore, Plaintiffs' claims are barred by quasi-estoppel, ratification and waiver.

2.   Plaintiffs' claims are barred by Section 3(f) of the Agreement. In Section 3(f) of the Agreement, Plaintiffs represented and warranted that "[Industrial Environmental] has been given access to such information regarding [Chem Source] as [Industrial Environmental] has requested and has obtained such information regarding [Chem Source] as [Industrial Environmental] desires. Except for [World Investment Group's] covenants in this Agreement, [Industrial Environmental] is not relying on any representation, warranty or covenant from

7

[World Investment Group] with respect to this transaction, including the purchase price for the Units sold by [Industrial Environmental.]"

3.  Plaintiffs' claims are barred and released by 7(b) of the Agreement. In Section 7(b) of the Agreement, Plaintiffs, "release[d] [Chem Source] from any claim or liability which arises out of any event occurring or any circumstances in existence on or prior to the Effective Date, whether under any prior contractual arrangement between [Chem Source] and [Industrial Environmental] or otherwise, and whether such claim or liability arose to [Industrial Environmental] by virtue of [Industrial Environmental's] status as a member, contractor of [Chem Source] or otherwise."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, your Defendants respectfully pray that Plaintiffs take nothing by their suit against them, for costs, and for such other and further relief to which Defendants may show themselves justly entitled, either special or general, and either at law or in equity.

Respectfully submitted,

_____
WILLIAM A. HICKS
State Bar No. 09582000
SHARON E. HICKS
State Bar No. 18787500
FRANK R. STAMEY
State Bar No. 19023900
P. O. Box 1587
Cisco, Texas 76437
817-850-1008
817-850-1011 – FAX

ATTORNEYS FOR DEFENDANTS
DANIEL H. WILKS, FARRIS WILKS,
WILLIAM BARKER AND FRANKLIN AUTRY

8

## CERTIFICATE OF SERVICE

I do hereby certify that on the 17th day of September, I have served a true and correct copy of the above and foregoing upon all counsel of record, by Federal Express, addressed as follows:

Mr. John Smithee
Mr. Brian P. Heinrich
Mr. David M. Russell
Templeton, Smithee, Hayes, Heinrich & Russell, L.L.P.
320 S. Polk, Suite 1000, Lobby Box 5
Amarillo, Texas 79101

_____
William A. Hicks