

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

SEP 18 2007

CLERK, U.S. DISTRICT COURT
By _____
                Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

INDUSTRIAL ENVIRONMENTAL §
SERVICES, LLC., an Oklahoma LLC.; §
and MIKE WILLIAMS, Individually §
and as Managing Member of §
INDUSTRIAL ENVIRONMENTAL §
SERVICES, LLC., an Oklahoma LLC.; §
§
     Plaintiffs §
§
vs. §    CASE NO. 2-07CV-179-J
§
WORLD INVESTMENT GROUP, LLC. §
(a Delaware LLC.); DANIEL H. WILKS; §
FARRIS WILKS; WILLIAM BARKER; §
and FRANKLIN AUTRY, all Individually §
and as members of World Investment §
Group, LLC. (a Delaware LLC.) §
§
     Defendants §

## DEFENDANT WORLD INVESTMENT GROUP, LLC'S
## ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

     COMES NOW Defendant WORLD INVESTMENT GROUP, LLC, and pursuant to Rules 8 and 9 of the Federal Rules of Civil Procedure, respectfully files this its Answer to the Plaintiffs' Original Complaint and would respectfully show this Honorable Court as follows:

### Rule 9 Special Matters

     1.    Plaintiffs' claims in this cause relate to a Sale and Purchase Agreement ("the Agreement"), effective August 25, 2006, under which Defendant World Investment Group, LLC. ("World Investment Group") purchased the ownership interest of Plaintiff Industrial

1

Environmental Services, LLC. ("Industrial Environmental") in another entity named Chem Source, LLC. ("Chem Source"). Plaintiff Michael E. Williams, individually, neither owned an interest in nor was he a member of Chem Source. The individual Defendants, Daniel H. Wilks, Farris Wilks, William Barker, and Franklin Autry were not parties to the Agreement. Furthermore, said Defendants were not, individually, owners or members of Chem Source.

2.      Plaintiff Williams asserts claims in his individual capacity and in his capacity as the managing member of Industrial Environmental against Defendant World Investment Group and against Defendants, Daniel Wilks, Farris Wilks, William Barker and Franklin Autry in their individual capacities and in their capacities as members of World Investment Group. Pursuant to Rule 9(a), Defendant World Investment Group denies that Williams is a proper party to this cause in his individual capacity because he did not, personally, own an interest in Chem Source. Defendant further respectfully submits that members of a limited liability company are not proper parties to actions brought by or against the company. Accordingly, pursuant to Rule 9(a), Defendant denies that Plaintiff Williams is a proper party to this cause in his capacity as a member of Industrial Environmental.

### Answer

1.      Subject to the Rule 9 matters set forth above, Defendant admits the party allegations in Paragraph 1 of the Complaint.

2.      Subject to the Rule 9 matters set forth above, Defendant admits the party allegations in Paragraph 2 of the Complaint with the exception of the allegations that Defendants William Barker and Franklin Autry reside in Tarrant County, Texas. Defendants William Barker and Franklin Autry reside in Parker County, Texas.

3.      As alleged in Paragraph 3 of the Complaint, Defendant admits that this Court has diversity jurisdiction over the subject matter of this cause under 28 U.S.C. § 1332(a)(1).

4.      Defendant admits that, as alleged in Paragraph 4 of the Complaint, this Court has personal jurisdiction over Defendant.  Defendant denies the allegations in Paragraph 4 of the Complaint that Defendant World Investment Group solicited Plaintiffs to sell Industrial Environmental's certain ownership interest upon which this suit is based.  Defendant denies that Plaintiff Williams previously owned an interest in Chem Source.

5.      As alleged in Paragraph 5 of the Complaint, Defendant admits that venue is proper in the Northern District of Texas.  However, Defendant asserts that this Court should transfer venue of this cause pursuant to 28 U.S.C. § 1404(a) and (b) to the Abilene Division of the Northern District of Texas.  Defendant has filed a Motion to Transfer Venue contemporaneously with the filing of this Answer.

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint that Williams founded Industrial Compounding, LLC., ("Industrial Compounding") in 1992.  Defendant admits Industrial Compounding was converted to an Oklahoma limited liability company in or about 2005 and that Williams and his wife were members and equity owners in Industrial Compounding until they sold their equity interest to Chem Source on or about March 1, 2006.  Defendant denies the remainder of the allegations in Paragraph 6 of the Complaint.

7.      Concerning the allegations in Paragraph 7 of the Complaint, Defendant is without knowledge or information sufficient to form a belief that Williams founded Industrial Environmental in 2002.  Defendant admits the remainder of the allegations in Paragraph 7 of the Complaint.

8.      With respect to the allegations in Paragraph 8 of the Complaint, Defendant admits that Industrial Environmental, Joe Jacobi, and World Investment Group agreed to form Chem Source.  Defendant denies that Plaintiff Williams and that Defendants Daniel H. Wilks, Farris Wilks, William Barker and Frank Autry were members of Chem Source in their individual capacities.  Defendant further admits that Chem Source is a Nevada limited liability company and that it was established to sell chemicals.  Defendant further denies Plaintiffs' allegations in Paragraph 8 of the Complaint as to ownership interests of Chem Source.   In this regard, Defendant denies that Plaintiff Williams individually owned 17% of Chem Source and denies that Defendants Daniel H. Wilks, Farris Wilks, William Barker and Franklin Autry owned interests in Chem Source.  Defendant further admits that prior to August 25, 2006, Joe Jacobi owned 17% of the units in Chem Source.

9.      Defendant admits the allegations in Paragraph 9 of the Complaint that one of Chem Source's largest customers was Frac Tech Services, Ltd.  Defendant denies the remainder of the allegations in Paragraph 9 of the Complaint.

10.      Defendant admits the allegations in Paragraph 10 of the Complaint that the sale of all equity interests in Industrial Compounding to Chem Source was consummated in or about March 2006 and that, thereafter, Chem Source owned 100% of the equity interest in Industrial Compounding.   Defendant denies the remainder of the allegations in Paragraph 10 of the Complaint.

11.      Defendant admits the allegation in Paragraph 11 of the Complaint that Chem Source became a successful marketer of chemicals.  Defendant denies the remainder of the allegations in Paragraph 11 of the Complaint.

12.      Defendant denies the allegations in Paragraphs 12 and 13 of the Complaint.

13.     With regard to the allegations contained in Paragraph 14 of the Complaint, Defendant admits that there were on-going negotiations with Chesapeake Operating, Inc., including in August 2006. Otherwise, the averments contained in Paragraph 14 are denied.

14.     With regard to the averments contained in Paragraphs 15 of the Complaint, Defendant admits that there were on-going negotiations with Chesapeake Operating, Inc., including in August 2006. Otherwise, the averments contained in Paragraph 15 are denied.

15.     Defendant denies the allegations in Paragraphs 16, 17 and 18 of the Complaint.

16.     In response to Paragraph 19 of the Complaint, Defendant re-pleads its admissions and denials contained in its response to Paragraphs 1 – 18, inclusive, of the Complaint above, and incorporates same herein by reference.

17.     Defendant denies the allegations in Paragraphs 20 through 25, inclusive, of the Complaint.

18.     In response to Paragraph 26 of the Complaint, Defendant re-pleads its admissions and denials contained in its response to Paragraphs 1 – 25, inclusive, of the Complaint above and incorporates same herein by reference.

19.     Defendant admits the allegations in Paragraph 27 of the Complaint that Industrial Environmental and World Investment Group were members in Chem Source. Defendant denies the remainder of the allegations in Paragraph 27 of the Complaint. Specifically, Defendant denies that a fiduciary or special relationship existed between either of the Plaintiffs, on the one hand, and Defendants, on the other hand, that would have given rise to a duty of disclosure.

20.     Defendant denies the allegations in Paragraph 28 of the Complaint that a duty existed to disclose facts to Plaintiffs, and further denies the remainder of the allegations in Paragraph 28 of the Complaint.

21.    Defendant denies the allegations in Paragraphs 29 through 36, inclusive, of the Complaint.

22.    In response to Paragraph 37 of the Complaint, Defendant re-pleads its admissions and denials contained in its response to Paragraphs 1 – 36, inclusive, of the Complaint above and incorporate same herein by reference.

23.    Defendant denies the allegations in Paragraphs 38 through 42, inclusive, of the Complaint.

24.    In response to Paragraph 43 of the Complaint, Defendant re-pleads its admissions and denials contained in its response to Paragraphs 1 – 42, inclusive, of the Complaint above and incorporates same herein by reference.

25.    Defendant admits the allegations in Paragraph 44 of the Complaint that Industrial Environmental and World Investment Group were members in Chem Source.  Defendant denies the remainder of the allegations in Paragraph 44 of the Complaint.  Specifically, Defendant denies that a fiduciary or special relationship existed between either of the Plaintiffs, on the one hand, and Defendants, on the other hand, that would have given rise to a duty of disclosure or any of the other duties alleged in Paragraphs 44 through 48, inclusive, of the Complaint. Therefore, Defendant denies the allegations in Paragraphs 44 through 48, inclusive, of the Complaint.

26.    Defendant denies the allegations in Paragraphs 49 through 52, inclusive, of the Complaint.

27.    With respect to the allegations in Paragraph 53 of the Complaint, Defendant denies that Plaintiff Williams has satisfied conditions precedent to maintaining this cause in his capacity as a member of Plaintiff, Industrial Environmental.

28.     Defendant denies the allegations in Paragraphs 54 through 60, inclusive of the Complaint, and the requested relief set forth in the Conclusion and Prayer of the Complaint.

### Rule 8(c) Affirmative Defenses

Pursuant to Rule 8(c), Defendant pleads the following affirmative defenses.

1.     When Plaintiff Industrial Environmental sold its interest in Chem Source to World Investment Group, Plaintiffs were aware of on-going negotiations involving Chesapeake Operating, Inc.   Therefore, Plaintiffs' claims are barred by quasi-estoppel, ratification and waiver.

2.     Plaintiffs' claims are barred by Section 3(f) of the Agreement.  In Section 3(f) of the Agreement, Plaintiffs represented and warranted that "[Industrial Environmental] has been given access to such information regarding [Chem Source] as [Industrial Environmental] has requested and has obtained such information regarding [Chem Source] as [Industrial Environmental] desires.  Except for [World Investment Group's] covenants in this Agreement, [Industrial Environmental] is not relying on any representation, warranty or covenant from [World Investment Group] with respect to this transaction, including the purchase price for the Units sold by [Industrial Environmental.]"

3.     Plaintiffs' claims are barred and released by 7(b) of the Agreement.  In Section 7(b) of the Agreement, Plaintiffs, "release[d] [Chem Source] from any claim or liability which arises out of any event occurring or any circumstances in existence on or prior to the Effective Date, whether under any prior contractual arrangement between [Chem Source] and [Industrial Environmental] or otherwise, and whether such claim or liability arose to [Industrial Environmental] by virtue of [Industrial Environmental's] status as a member, contractor of [Chem Source] or otherwise."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, your Defendant respectfully prays that Plaintiffs take nothing by their suit against it, for costs and for such other and further relief to which Defendant may show itself justly entitled, either special or general, and either at law or in equity.

Respectfully submitted,

_____
WILLIAM A. HICKS
State Bar No. 09582000
SHARON E. HICKS
State Bar No. 18787500
FRANK R. STAMEY
State Bar No. 19023900
P. O. Box 1587
Cisco, Texas 76437
817-850-1008
817-850-1011 – FAX

ATTORNEYS FOR DEFENDANT
WORLD INVESTMENT GROUP, LLC.

## CERTIFICATE OF SERVICE

I do hereby certify that on the __17th__ day of September, I have served a true and correct copy of the above and foregoing upon all counsel of record, by Federal Express, addressed as follows:

Mr. John Smithee
Mr. Brian P. Heinrich
Mr. David M. Russell
Templeton, Smithee, Hayes, Heinrich & Russell, L.L.P.
320 S. Polk, Suite 1000, Lobby Box 5
Amarillo, Texas 79101

_____
William A. Hicks

8