IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| INDUSTRIAL ENVIRONMENTAL SERVICES, LLC., an Oklahoma LLC.; and MIKE WILLIAMS, Individually and as Managing Member of INDUSTRIAL ENVIRONMENTAL SERVICES, LLC., an Oklahoma LLC.; <br><br> Plaintiffs <br><br> vs. <br><br> WORLD INVESTMENT GROUP LLC. (a Delaware LLC.); DANIEL H. WILKS; FARRIS WILKS; WILLIAM BARKER; and FRANKLIN AUTRY, all Individually and as members of World Investment Group LLC. (a Delaware LLC.) <br><br> Defendants | § § § § § § § § § § § § § § § § § § § § | CASE NO. 2-07CV-179-J |

## DEFENDANTS WORLD INVESTMENT GROUP, LLC'S, DANIEL H. WILKS', FARRIS WILKS', WILLIAM BARKER'S AND FRANKLIN AUTRY'S REPLY BRIEF TO PLAINTIFFS' RESPONSE IN OPPOSITION TO TRANSFER VENUE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants WORLD INVESTMENT GROUP, LLC, DANIEL H. WILKS, FARRIS WILKS, WILLIAM BARKER and FRANKLIN AUTRY, and pursuant to LR 7.1 (f) respectfully file this their Reply Brief to Plaintiffs' Response in Opposition to Defendants' Motion to Transfer Venue, requesting a transfer of this cause to the United States District Court for the Northern District of Texas, Abilene Division, and would respectfully show this Honorable Court the following:

1. The two main reasons cited for Plaintiffs' contention that venue is more convenient in the Amarillo, Texas Division than the Abilene, Texas Division are as follows:

   a. Southwest Airlines is a better airline service than any that may fly into Abilene; and

   b. For the ease of a "key" non-party witness, Joe Jacobi who, will "voluntarily" be a witness, would rather fly to Amarillo than drive to Abilene.

Neither reason justifies the heavy burden on the individual defendants to defend this suit 340 miles away from where they reside and do business. While it is true that the plaintiff's choice of forum is typically entitled to great deference; that deference is diminished when the plaintiff is not a resident of the forum or the operative facts of the action occurred elsewhere. *Jelec USA, Inc. v. Safety Controls, Inc.*, 2006 U.S. Dist. LEXIS 83941 (S.D. Tex. Nov. 17, 2006)

2. Venue statues are designed to protect defendants and witnesses against a plaintiff's choice of an unfair or inconvenient forum. *Leroy v Great W. United Corp.*, 443 US 173,183-84; 99 S. Ct. 2710,2716-17 (1979). *Daniel v American Bd. of Emerg. Med.* 428 F3d 408,431 (2d Cir. 2005) Venue requirements are for the benefit of Defendants. *Hoover Group v. Custom Metalcraft, Inc.* 84 F.3d 1408, 1410, (Fed Cir. 1996). A careful review of Plaintiffs' response clearly establishes that Plaintiffs are only seeking to maintain venue in the Amarillo Division for the benefit of their lawyers, not for the benefit of Defendants, and all parties and witnesses concerned.

3. Venue in this case is based solely on diversity of citizenship. Venue is proper in the Northern District of Texas because that is where the Defendants reside and do business. Within the Northern District, there are 7 divisions, Abilene, Amarillo, Dallas, Fort Worth, Lubbock, San Angelo and Wichita Falls. Had Plaintiffs truly been concerned about flight

schedules or its alleged key non-party witness, Plaintiffs would have picked the Abilene or Fort Worth Divisions because:

    a.    The Fort Worth Division is where Jacobi resides.

    b.    Plaintiff resides in Norman, Oklahoma, which is 277 miles from Amarillo, 285 miles from Abilene, but is only 185 miles from Fort Worth;

    c.    Defendants Barker and Autry reside near Fort Worth, Texas and their offices are there, but they are 150 miles from Abilene and 341 miles from Amarillo;

    d.    Defendants Dan Wilks and Farris Wilks reside in Cisco, Texas, which is 45 miles from Abilene and 110 miles from Fort Worth, but approximately 340 miles from Amarillo; and

    e.    It is farther for the witnesses Plaintiffs lists in Chickasha, Oklahoma to travel to Amarillo (267 miles) than it is to travel to Fort Worth (212 miles) or even Abilene (249 miles).

Considering these comparative distances, it is obvious that Plaintiffs picked the Amarillo division solely for the convenience of their attorneys to the detriment of and added costs and expenses for Defendants.

    4.    As previously noted in Defendants' Motion to Transfer Venue, Section 1404(a) provides, in relevant part, that "[f]or the convenience of parties and witnesses in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This cause has **no connection** with the Amarillo Division, save and except Plaintiffs' attorneys. The "convenience of parties and witnesses" mandates that it be transferred.

WHEREFORE, Defendants pray that the Court transfer this cause to the United States District Court for the Northern District of Texas, Abilene Division.

3

Respectfully submitted,

SHARON E. HICKS
State Bar No. 18787500
shicks@fractech.net
WILLIAM A. HICKS
State Bar No. 09582000
bhicks@fractech.net
P. O. Box 1587
Cisco, Texas 76437
817-850-1008 – Telephone
817-850-1011 – Facsimile

By: *Sharon E. Hicks*
SHARON E. HICKS

ATTORNEYS FOR DEFENDANTS
WORLD INVESTMENT GROUP, LLC,
DANIEL H. WILKS, FARRIS WILKS
WILLIAM BARKER AND FRANKLIN AUTRY

## CERTIFICATE OF SERVICE

I do hereby certify that on the 5th day of October, I have served a true and correct copy of the above and foregoing upon all counsel of record, electronically, addressed as follows:

Mr. John Smithee
Mr. Brian P. Heinrich
Mr. David M. Russell
Templeton, Smithee, Hayes, Heinrich & Russell, L.L.P.
320 S. Polk, Suite 1000, Lobby Box 5
Amarillo, Texas 79101

*Sharon E. Hicks*
Sharon E. Hicks