**FILED**
**OCTOBER 5, 2007**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| INDUSTRIAL ENVIRONMENTAL SERVICES, LLC, an Oklahoma LLC; and MIKE WILLIAMS, Individually and as Managing Member of INDUSTRIAL ENVIRONMENTAL SERVICES, LLC, an Oklahoma LLC, | § § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 2:07-CV-179 |
| v. | § § | |
| WORLD INVESTMENT GROUP LLC, a Delaware LLC; DANIEL H. WILKS; FARRIS WILKS; WILLIAM BARKER; and FRANKLIN AUTRY, all Individually and as members of World Investment Group LLC | | |
| Defendants. | | |

## ORDER

Before the Court is Defendants' *Motion to Transfer Venue*. Upon consideration of the briefs of the parties and the appendices submitted therewith, the Court finds that no party or witness resides in the Amarillo division, that no events giving rise to this case took place in the Amarillo division, and that the balance of other factors also weigh in favor of transfer of this case. The motion is GRANTED.

### Transfer Under 28 U.S.C. §1404(b)

Defendants rest their motion to transfer venue in part on 28 U.S.C. §1404(b), which states, "Upon motion, consent, or stipulation of all parties, any action…may be

transferred…from the division in which pending to any other division in the same district." 28 U.S.C. §1404(b) (2007).  Defendants' concede in their certificate of conference that the attorney for Plaintiffs stated he opposes the motion.  *Amended Motion to Transfer Venue*, p. 3.  Additionally, Plaintiffs have filed a response to the motion to transfer and a brief in support of their opposition.  Therefore, all the parties have not consented to the motion to transfer, and §1404(b) is not an applicable source of authority to transfer the case.  *See Sikes v. Alamo Crane Serv.*, 2006 US Dist. LEXIS 86949, *2 (S.D. Tex).

## Transfer Under 28 U.S.C. §1404(a)

A district court "may transfer any civil action to any other district or division where it might have been brought" if it is for "the convenience of parties and witnesses, in the interest of justice…" 28 U.S.C. §1404(a).  The decision to transfer a case or not is within the discretion of the trial court judge.  *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988), *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989), *cert denied* 493 U.S. 935 (1989).

As a starting point, "the plaintiff is generally entitled to choose the forum." *Peteet*, 868 F.2d at 1436.  This choice of forum should be "highly esteemed."  *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966), *citing Rodriguez v. Pan American Life. Ins. Co.*, 311 F.2d 429, 434 (5th Cir. 1962), *vacated on other grounds*, 376 U.S. 779 (1964).  The Defendant has the burden "to demonstrate why the forum should be changed." *Time*, 366 F.2d at 690.  This burden is "heavy" and requires relevant factors to "clearly favor such a change" of venue.  *QR Spex, Inc. v. Motorola, Inc.*, 2007 US Dist.

LEXIS 66394, *36 (E.D. Tex.), *quoting TV-3, Inc. v. Royal Ins. Co. of Am.*, 28 F. Supp. 2d 407, 411 (E.D. Tex. 1998).  Unfounded assertions are insufficient to meet the burden, and the moving party is required to establish facts "by affidavit, deposition, or otherwise."  *Id.*, *quoting In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999).  While "the plaintiff's choice of forum is clearly a factor to be considered," it is "neither conclusive nor determinative."  *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003), *see also Garner v. Wolfinbarger*, 433 F.2d 117, 119 (5th Cir. 1970).  In fact, "attributing decisive weight to the plaintiff's choice of forum" can be error.  *Id.*

Instead, the district court must first determine if the "judicial district to which transfer is sought would have been a district in which the claim could have been filed."  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 1988*), citing In re Horseshoe*, 337 F.3d at 433.  The court then considers the goals of convenience of the parties and the interest of justice outlined in §1404(a).  "Convenience" is determined by examining "a number of private and public interest factors, none of which are given dispositive weight."  *Id.*, *citing Action Indus., Inc. v. U.S. Fidelity & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004).  The private concerns that the Court considers include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial of a case easy, expeditious, and inexpensive."  *Id.*, *citing Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981).  The public concerns include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having matters decided at home; (3) the familiarity of the forum with the law

that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*, *citing Piper Aircraft*, 454 U.S. at 241.

**Analysis**

The first question to be answered is whether or not this case could have been filed in the Abilene district. This case is before the Court pursuant to diversity jurisdiction under 28 U.S.C. §1332(a)(1). *See Complaint*, ¶3. In a diversity case, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred…" 28 U.S.C. §1391(a)(2) (2007). Plaintiffs state in their complaint that "a substantial portion of the actions upon which this action is based occurred within Eastland County…" *Complaint*, ¶5. Eastland County is in the Abilene Division of the Northern District of Texas. Therefore, the case could have been filed originally in the Abilene district. Since the case could have been filed in the Abilene division, the Court must consider the public and private interest factors.

The first private factor is the relative ease of access to sources of proof. The Defendants attached to their motion the affidavit of Robert B. Early, the Chief Financial Officer for Defendant World Investment Group. Early states that "[m]any, if not most, of the documents related to this controversy are located in Eastland County, Texas." *Affidavit of Robert B. Early*, p. 2. Eastland County is only about 45 miles from Abilene, but is over 300 miles from Amarillo. *Id.* Therefore, it would be "much less expensive and more convenient" for Defendants if the trial were in Abilene and not Amarillo. *Id.*

The contention that relevant documents are located in Cisco is not undisputed. Owner and member of Chem Source LLC Michael E. Williams states that the records of

the Chesapeake Energy Corporation, which are relevant to this lawsuit, are "likely physically located in Oklahoma City." *Affidavit*, p. 4.[1]  Plaintiff admits that the "Defendants records of correspondence with Chesapeake" and the "banking and financial records of Frac Tech, and some records of Chem Source" are physically located in Cisco, Texas.  *Id.* at 2.  "Technological advances in copying, storing, and transferring data…limit the weight to be given the accessibility and location of sources of proof…" *Tappia v. Dugger*, 2006 US Dist. LEXIS 69356, *11 (W.D. Tex); *see also Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 778 (E.D. Tex. 2000) (Stating that this factor has been given "decreasing emphasis" because of these technological advances).  This factor weighs "slightly" in favor of transferring the case to the Abilene division.  *Tappia,* 2006 US Dist. LEXIS at *11.

The second private factor is the availability of compulsory process to secure the attendance of witnesses.  Amarillo is outside the subpoena range for any witnesses from Eastland County.  Abilene is within the subpoena range for witnesses from Eastland County.

The third private factor is the cost of attendance for willing witnesses.  Robert B. Early states in his affidavit that Defendants Daniel H. Wilks and Farris Wilks reside in Eastland County.  *Affidavit of Robert B. Early*, p. 2.  Defendant World Investment Group also has its principal office in Cisco, Eastland County.  *Id.*  Most of the witnesses and two of the Defendants would be able to commute to and from Abilene from Cisco, which would be less costly than travel to and lodging in Amarillo.

---

[1] In his affidavit, Williams also states that "the most significant records of Chem Source and Industrial Compounding relevant to this suit have been physically kept in the usual course of business at the Industrial Compounding office, located in Chickasha, Oklahoma." *Affidavit*, p. 3.  He also states that many of these documents were removed after the filing of the lawsuit and taken to Cisco, Texas.  *Affidavit*, p. 3-4.

The fourth private factor is all other practical problems that make a trial of a case easy, expeditious, and inexpensive. No person or witness involved in this case bears any connection to Amarillo except for Plaintiff's counsel. The location of counsel "is irrelevant and improper for consideration in determining the question of transfer of venue." *In re Horseshoe*, 337 F.3d at 434.

The Court must also consider public concerns in evaluating if a transfer of venue is appropriate. The first, third, and fourth public concerns are not discussed in the Defendants' motion.

The second public concern is the local interest in having matters decided at home. Defendants correctly point out that none of the Plaintiffs or individual Defendants reside in the Amarillo Division. Defendant World Investment Group is not located in the Amarillo Division. Defendants also note that the Plaintiffs have alleged that a "substantial portion of the actions upon which the action is based occurred within Eastland County…" The fact that the Plaintiffs state that the actions may also have possibly taken place in other counties is insufficient to establish a local interest in the Amarillo division. The case stems from interests in a Nevada company being sold by a Texas resident, an Oklahoma company, and a Delaware company. The Texas resident does not reside in the Amarillo division. While the local interest in the Abilene division may be somewhat limited, there is absolutely no local interest in the Amarillo division.

Defendants have the burden of showing that "the balance…weighs heavily in favor of transfer." *Data Treas. Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 593 (N.D. Tex. 2003). Nevertheless, given that the case has no apparent connection to the Amarillo division, the public concern regarding the local interest in trying matters at

home weighs in favor of Abilene.  Plaintiffs themselves have alleged that a "substantial portion of the actions upon which the action is based occurred within Eastland County…" in the Abilene division.  The case should therefore be tried in the Abilene division.

**Conclusion**

Defendants' motion to transfer venue is granted.

It is SO ORDERED.

Signed this 5th day of October 2007.

/s/ Mary Lou Robinson

**MARY LOU ROBINSON**
**UNITED STATES DISTRICT JUDGE**